UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREGORY M. THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:15-cv-00291-APG-NJK<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 19) |

    Plaintiff Gregory Thomas brings this Federal Tort Claims Act (FTCA) suit against the United States requesting damages arising from an injury he sustained from an unidentified explosive device on land administered by the Bureau of Land Management (BLM). Thomas claims that the government knew of dangerous conditions at the public shooting range where the incident occurred, and that the government negligently failed to take one of several possible actions to mitigate the risk.

    The government contends that the FTCA excludes "discretionary functions" from its general waiver of sovereign immunity and most of the remedial actions Thomas proposes the government should have taken involve such functions. The government thus argues the case must be dismissed for lack of subject matter jurisdiction. Alternatively, the government contends that Nevada law protects landowners who make their land available for recreational use, requiring a plaintiff to prove the landowner committed "willful misconduct" rather than mere negligence. According to the government, Thomas cannot meet this standard.

    No reasonable factfinder could determine that the government committed willful misconduct with respect to dangerous conditions on the BLM site. Thomas's claim therefore fails as a matter of law, and I grant the government's motion for summary judgment.[1]

---

[1] Normally, subject matter jurisdiction must be resolved before reaching the merits. Here, though, the government concedes that at least one of Thomas's negligence theories (failure to post a warning sign)

## I. BACKGROUND

The BLM administers over three million acres of land in Southern Nevada. ECF No. 19 at 5. On July 24, 2012, Thomas suffered an injury on BLM-managed land near the unincorporated community of Sloan, at the southern end of the Las Vegas valley. ECF No. 28 at 3. The property is in a desert area with no facilities or nearby residential or commercial development. ECF No. 19 at 6. It is used extensively as a shooting range by the public, which the BLM allows at no cost. ECF No. 28 at 3.

On the date of the incident, Thomas went with several friends to the Sloan property to shoot targets. He had been to the property approximately ten times before for the same purpose. *Id.* at 7. After a few hours of shooting, Thomas and his friends walked back to their car. Thomas stepped on an unknown object that exploded, causing significant injuries to his left foot. *Id.* at 4.

No similar incident has ever been reported on the property. ECF No. 19 at 7. Photographs of the property suggest that it accumulates significant amounts of spent shells and other trash related to shooting activities. ECF No. 28-12 at 11–29. During 2010–2011, three cleanups were conducted on or in the area with a total of 340 cubic yards of trash/debris removed. ECF No. 19 at 6. During such cleanups, no explosion occurred and no explosive device was found. *Id.* In the prior ten years, two known incidents occurred in which individuals were injured by exploding devices on BLM land in the Southern Nevada District, none at the Sloan property. ECF No. 28 at 5. Investigation left unclear what kind of devices exploded in those two cases. ECF No. 28-3 at 10; ECF. No. 28-5 at 9.

## II. ANALYSIS

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

---

does not involve a discretionary function, and thus would not be dismissed for lack of jurisdiction. As set forth below, however, all of Thomas's claims are subject to summary judgment because no reasonable factfinder could conclude that the government committed willful misconduct. I make no finding as to whether any of Thomas's claims would be barred by the discretionary function exception to the general FTCA waiver of sovereign immunity.

moving party "has the initial burden of showing the absence of a genuine issue of material fact." *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 863 F. Supp. 1237, 1239 (D. Nev. 1994) (citations omitted). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing version of events." *Id.* (citations omitted). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Id.* (citations omitted). The non-moving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

The government argues that Nevada's recreational use statute (Nev. Rev. Stat. § 41.510) bars Thomas's negligence claims, as it requires would-be plaintiffs to prove the landowner engaged in "willful misconduct" in allowing the injury to occur. Thomas agrees that the statute applies here, but contends there is a genuine question of fact as to whether the government had sufficient knowledge of the dangerous conditions on the property to constitute willful misconduct.

The statute provides that a landowner "owes no duty to keep the premises safe for entry or use by others for participating in any recreational activity, or to give warning of any hazardous condition, activity or use of any structure on the premises to persons entering for those purposes." Nev. Rev. Stat. § 41.510(1). The statute protects owners and lessees of rural, semi-rural, and nonresidential lands against suits by those who are injured on the land while engaged in a recreational activity. *See Boland v. Nev. Rock & Sand Co.*, 894 P.2d 988, 990–91 (Nev. 1995). Because the Sloan property is in a rural or semi-rural area and Thomas was on the property to pursue a recreational activity, the statute applies, as Thomas concedes.

The statute does not, however, "[l]imit the liability which would otherwise exist for . . . [w]illful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity." Nev. Rev. Stat. § 41.510(3)(a). "The three-prong test for willful misconduct is '(1) actual or constructive knowledge of the peril to be apprehended; (2) actual or constructive

knowledge that injury is a probable, as opposed to a possible, result of the danger; and (3) conscious failure to act to avoid the peril.'" *Neal v. Bently Nev. Corp.*, 771 F. Supp. 1068, 1073 (D. Nev. 1991) (citation omitted). "[W]illfulness is generally a question of fact," but may be determined by a court as a matter of law where the evidence is insufficient for a reasonable factfinder to determine that a defendant willfully acted to cause the injury. *Boland*, 894 P.2d at 991–92.

Even viewing the facts in the light most favorable to Thomas, no reasonable factfinder could determine the government acted willfully. No previous incident had occurred on the site despite its use by, in Thomas's estimation, dozens of people daily. ECF No. 28 at 4. Although the property was littered with spent shell casings and related trash, Thomas fails to explain how this would put the government on notice that explosive devices were lying on or buried in the ground. A visual inspection of the property would not evidence grave danger, as demonstrated perhaps most compellingly by the fact that Thomas used the property ten times prior to the incident. *Id.* at 7. Three cleanups of the site led by the BLM uncovered no explosive or otherwise dangerous devices on the property. ECF No. 19 at 6. Thus, nothing about the site itself could support a finding that the government had knowledge that injury by an explosive device was "a probable, as opposed to a possible, result." *Neal*, 771 F. Supp. at 1073.

The only other evidence Thomas claims could have put the government on notice as to hazardous conditions on the property were two incidents that occurred in the previous ten years elsewhere on BLM land. In one, a man on BLM property 60 miles away claimed he picked up a hand grenade stamped "U.S. Property" that then exploded in his hand. ECF No. 28-3 at 10. The BLM opened a fraud investigation based on the lack of supporting evidence and the fact that a grenade blast at that range would be fatal. *Id.* The case was dismissed. *Id.* The BLM had very limited information about the other case—only that "a man claimed that some spent ammunition lying on the ground went off and hit him." ECF No. 28-5 at 9. The BLM's records did not indicate the date, location, or other details of the second incident. *Id.* In sum, the government's alleged notice of hazardous conditions on the Sloan property consisted of two incidents in ten

years over the BLM's coverage area of three million acres, neither of which was known to be close in distance or description to the Sloan property, and each with very sketchy details.

The purpose of Nevada's recreational use statute is to bar garden-variety negligence claims against landowners who make their land accessible for recreational use.  Only a heightened and definite level of recklessness as to the danger can accrue liability.  No reasonable factfinder could conclude that the information available to the government prior to Thomas's 2012 accident reached that standard.  The government therefore owed no duty of care to Thomas under the statute, and Thomas's claim fail as a matter of law.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that the United States's motion for summary judgment **(ECF No. 19) is GRANTED**.  The clerk of court shall enter judgment in favor of the United States and against plaintiff Thomas.

DATED this 25th day of January, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE